Filed 11/25/25  Denham v. Dept. of Corrections and Rehabilitation CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| PAUL JOHN DENHAM, | C099564 |
| Plaintiff and Appellant, | (Super. Ct. No. 23WM000001) |
| v. | |
| DEPARTMENT OF CORRECTIONS AND REHABILITATION et al., | |
| Defendants and Respondents. | |

Paul John Denham, an inmate representing himself, appeals from a judgment of dismissal in favor of respondents Department of Corrections and Rehabilitation and its Secretary after the trial court sustained without leave to amend respondents' demurrer to his petition for writ of mandate.  In his opening brief, Denham argues:  (1) the trial court abused its discretion by denying leave to amend, and (2) the court erred by entering judgment disposing of all issues between the parties and omitting that dismissal was

1

without prejudice to Denham properly pursuing his claim via habeas corpus. On reply, Denham concedes his first argument is moot because, in the interim, he was transferred to the California Institute for Men (CIM) and thus given his requested relief. He argues his assertion that the judgment requires amending is not moot because it has a continuing effect on him "as improperly counting the litigation as one strike under the vexatious litigant statute despite the trial court finding the litigation to have merit via habeas." He asks us to "remand t[he] matter to the trial court with directions to amend the judgment to include language sufficient to indicate that the litigation has not been finally determined adversely and should be excluded from qualifying as such under the vexatious litigant statute." This argument is without merit. The judgment is reversed as moot.

## I. BACKGROUND

In April 2023, Denham filed a petition for writ of mandate in the superior court against respondents Department of Corrections and Rehabilitation and its Secretary, Jeffrey Macomber, contending they failed in their alleged ministerial duty to transfer him to a different prison facility under Penal Code section 2933.7, subdivision (a).[1] Denham sought a transfer to CIM in Chino or a facility in Stockton.

Respondents demurred on the basis that: (1) the petition did not state facts sufficient to constitute a cause of action; (2) Denham failed to exhaust his administrative remedies; (3) respondents did not have a ministerial duty to transfer Denham to CIM or the Stockton facility; (4) respondents did not abuse their discretion in denying Denham's

---

[1] "In order to foster greater participation in rehabilitative programming and to reduce interruptions in incarcerated people's growth, self-exploration, improvement and skill building, the Department of Corrections and Rehabilitation shall conduct programming in a manner that accomplishes all of the following: [¶] (a) Minimizes transfers from institutions, facilities, or sections of the institutions or facilities from disrupting an incarcerated person's programming. To accomplish this, the department shall solicit and prioritize voluntary facility transfers first." (Pen. Code, § 2933.7, subd. (a).)

request for a transfer; and (5) the petition failed to establish Denham lacked a plain, speedy, and adequate remedy in the ordinary course of law.

In its August 22, 2023 ruling on the motion, the court explained that Denham's claim that Penal Code section 2933.7, subdivision (a) creates a mandatory ministerial duty on respondents to transfer him was not supported by the plain language of the provision. The court also explained that because the statute did not impose a mandatory ministerial duty to transfer Denham, he "has an alternative remedy in the filing of a writ of habeas corpus. [Denham] alleges he needs to transfer to 'a different California prison to access his particular rehabilitative needs' including to obtain access to a computer with 'text-to-speech function that would enable [Denham] to perform legal research without looking at the computer's screen' in light of his retinitis pigmentosa. [Citation.] This claim may be properly pursued via petition for writ of habeas corpus."

On September 12, 2023, the court issued an order sustaining respondents' demurrer to the petition without leave to amend. The order explained the court found Penal Code section 2933.7, subdivision (a) "does not impose a mandatory ministerial duty on respondents to transfer [Denham] to an institution of his choice. In addition, the court found the alternate remedy of a petition for writ of habeas corpus is available for petitioner to challenge his institution of confinement, thereby precluding his mandate relief." The trial court's August 22, 2023 ruling was incorporated into the order. Additionally, the order stated that the petition for writ of mandate was dismissed with prejudice.

The trial court entered judgment in favor of respondents. The judgment states, "This judgment is in accordance with the Court's ruling on the submitted matter and order sustaining respondents' demurrer to the petition for writ of mandate without leave to amend." Denham filed this appeal.

3

## II.  DISCUSSION

"A court is tasked with the duty ' "to decide actual controversies by a judgment which can be carried into effect, and not to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." ' " (*In re D.P.* (2023) 14 Cal.5th 266, 276.)  " 'A case becomes moot when events " 'render[] it impossible for [a] court, if it should decide the case in favor of plaintiff, to grant him any effect[ive] relief.' " ' " (*Make UC a Good Neighbor v. Regents of University of California* (2024) 16 Cal.5th 43, 65, emphasis omitted.)  Denham concedes the mootness of his appeal with the exception of his assertion that the trial court's judgment requires amending.  In his opening brief, Denham argued the court erred by entering judgment disposing of all issues between the parties and omitting that dismissal was without prejudice to Denham properly pursuing his claim via habeas corpus.  In his reply brief, he asserts that his contention that the judgment requires amending is not moot because it has a continuing effect on him "as improperly counting the litigation as one strike under the vexatious litigant statute despite the trial court finding the litigation to have merit via habeas."  (See Code Civ. Proc., § 391, subd. (b)(1) [defining "vexatious litigant" to include a person who "[i]n the immediately preceding seven-year period has commenced, prosecuted, or maintained in propria persona at least five litigations other than in a small claims court that have been . . . finally determined adversely to the person"].)  Perhaps implicitly recognizing he has no need to file a petition for habeas corpus seeking a transfer he has already obtained, he now seeks a different amendment to the judgment than he did previously.  He asks us to "remand the matter to the trial court with directions to amend the judgment to include language sufficient to indicate that the litigation has not been finally determined adversely and should be excluded from qualifying as such under the vexatious litigant statute, Code of Civil Procedure section 391 et seq."  Additionally, he argues that given respondents have elected to transfer him to CIM, which was the primary relief he sought,

4

"[t]he trial court should be directed to make factual findings as to such and accordingly reflect such in its amended judgment." We note that the trial court did not conclude that the matter had "merit via habeas," but rather that mandate relief was unavailable because Denham's claim could be pursued through a petition for writ of habeas corpus. Further, Denham offers no authority for ordering any of the additions to the judgment he has sought or concluding failure to include any of this language in the judgment amounts to error. Accordingly, we reject his requests.

## III.  DISPOSITION

The judgment is reversed as moot. This reversal does not imply that the judgment was erroneous on the merits, but is solely for the purpose of returning jurisdiction over the case to the superior court by vacating the otherwise final judgment solely on the ground of mootness. The superior court is directed to dismiss the underlying action as moot. The parties shall bear their own costs on appeal. (Cal. Rules of Court, rule 8.278(a)(5).)

/S/

_____

RENNER, J.

We concur:

/S/

_____

EARL, P. J.

/S/

_____

FEINBERG, J.

5